UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-00498 DAD AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

A.　　Standards

　　　The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

1

1  Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will
2  (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly
3  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
4  (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
5  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
6  1037 (2011).
7     The court applies the same rules of construction in determining whether the complaint
8  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
9  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
10 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
11 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
12 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
13 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
14 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
15 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
16 556 U.S. 662, 678 (2009).
17    To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
18 state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
19 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
20 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
21 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
22 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
23 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
24 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
25    B. The Complaint
26    Plaintiff sues the California Highway Patrol ("CHP") and multiple other defendants for
27 violations of the False Claims Act and HIPPA regarding systemic failures in emergency protocols
28 in Solano County.  ECF No. 1 at 9.  Plaintiff's claims arise out of two 911 calls he made on

November 5, 2011. Id. Plaintiff filed a very similar complaint against CHP and other defendants arising out of the same alleged mishandling of the same 911 calls. Warfield v. California Highway Patrol, et al., 2:24-cv-2886 DJC CSK. That case is ongoing.

### C. Analysis

This complaint must be dismissed because it is duplicative of another ongoing case in this district, Warfield v. California Highway Patrol, et al., 2:24-cv-2886 DJC CSK ("Warfield I"). The district court has the power to control its docket, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a separate case).

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in The Haytian Republic, 'the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894).

Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007) (overruled on other grounds Taylor v. Sturgell, 553 U.S. 880 (2008)).

The Ninth Circuit clarified in Adams that "in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." 487 F.3d at 688. "A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions." Shappell v. Sun Life Assur. Co., No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011). To assess whether successive causes of action are the same, courts utilize the "transaction test," which requires consideration of four criteria: (1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; (2) whether substantially the same evidence would be presented in both actions; (3) whether both suits involve infringement of the same right; and (4) whether both suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982). The last factor has been deemed the most important. Id. at 1202.

///

Here, all four criteria are satisfied. As a preliminary matter, the defendants in each of plaintiff's cases are substantially similar, though more defendants are included in the first-filed suit. In this case, plaintiff lists CHP, the City of Fairfield Police Department, the City of Vallejo Police Department, Solano County Sherif Stanton, and Solano County District Attorney. ECF No. 1. In Warfield I, the initial complaint named California Highway Patrol, the City of Fairfield Police Department, the City of Vallejo Police Department, the Solano County Sheriffs Office 911 Services, Solano County District Attorneys, and four Superior Court judges. Warfield I at ECF No. 1 at 1-2.

Most importantly, Warfield I and this case arise out of the same incident, though Warfield I includes additional incidents. Both cases are based on the alleged mishandling of phone calls to 911 on November 5, 2011; Warfield I also identifies calls made on November 17, 2011. Warfield I, ECF No. 1 at 6. Because both cases arise out of the same incident and involve substantially the same parties, the cases arise from the same transactional nucleus of fact. Costantini, 681 F.2d at 1201–02 (9th Cir. 1982). Although this case – the second filed – presents fewer facts and defendants than Warfield I, it is plainly subsumed within the first-filed case. With two separate lawsuits based on the same incident and involving substantially the same parties, it is axiomatic that the cases will involves substantially the same evidence and that a decision in one case would impair the prosecution of the other. Thus, the elements of the transaction test are satisfied. Id.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M., 681 F.3d at 1091 (9th Cir. 2012). This case is duplicative of the case pending at 2:24-cv-2886-DJC-CSK. In the interest of the competent administration of justice and judicial economy, it must be dismissed with prejudice in favor of the prosecution of the earlier filed lawsuit.

## II. Motion to Seal

Plaintiff filed a motion to seal this case. ECF No. 3. Considering the court's recommendation that this case be dismissed as duplicative of an already existing, unsealed case, the court concludes there is no good cause to seal this case. The motion will therefore be denied.

///

### III. Pro Se Plaintiff's Summary

It is being recommended that your case be dismissed because you have already filed these claims in another case that is ongoing in this court. You have 21 days to object to this recommendation, if you wish to do so. The District Judge will make the final decision.

### IV. Conclusion

Accordingly, the undersigned ORDERS that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED. The motion to seal (ECF No. 3) is DENIED.

Further the undersigned RECOMMENDS that the complaint (ECF No. 1) be DISMISSED because it is duplicative of another case pending in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE